UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| HAROLD ROSENSTIEL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 08-231-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Harold Rosenstiel ("Rosenstiel") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 6 and 7] Through this action, Rosenstiel seeks to reverse the decision that he was not under a disability before January 4, 2005. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant Rosenstiel's motion and remand the case for further consideration.

**I.    Discussion**

Rosenstiel filed an application for a period of disability and disability insurance benefits ("DIB") on August 20, 2003, alleging a disability onset date of September 1, 2002. His application was denied initially and upon reconsideration. However, pursuant to Rosenstiel's

-1-

request for review, the Appeals Council remanded the case to the ALJ for reconsideration. As a result of a second hearing, ALJ Roger Reynolds ruled partially in favor of Rosenstiel, finding that he was disabled since January 4, 2005, but not before that date. [Tr., p. 30] Rosenstiel now appeals that determination, arguing that his disability began not in January 2005, but in September 2002, as he alleged in his application.

At the time of the hearing, Rosenstiel was a 57-year-old man with a high school education, along with relevant training and licensing as a barber. His more recent work experience includes truck driving and caregiving for handicapped individuals. Rosenstiel alleges a disability beginning in September 2002, as a result of heart problems, breathing problems, a mild stroke in 2003, and back and leg problems. [Record No. 6] The ALJ found that Rosenstiel suffered from the following severe combination of impairments: coronary artery disease; status post stent to the left anterior descending artery; chronic obstructive pulmonary disease; hypertension; status post lacunar infarct coronary vascular accident; lumbar degenerative disc disease; degenerative joint disease of the right knee; adjustment disorder secondary to bereavement; and mild memory loss. [Tr., p. 24]

In spite of the above-listed impairments, the ALJ found that, before January 2005, Rosenstiel was capable of a range of medium work, with the following limitations:

> [N]o climbing of ropes, ladders or scaffolds; no work at heights, around industrial hazards or concentrated dust, gases, fumes, temperature extremes or excess humidity; no work with the hands over the head; no frequent changes in work routines; no work requiring detailed or complex problem solving, independent planning or the setting of goals; and no pushing/pulling or operation of foot pedal controls with the right foot/leg or more than entry level work with simple 1-2-3 step procedures.

[Tr., p. 26] This assessment rendered a finding of "not disabled" under the Social Security guidelines for the time period prior to January 4, 2005. However, for the time period after January 4, 2005, the ALJ found that Rosenstiel was only capable of a range of light exertional work – which, coupled with Rosenstiel's age, education, and vocational profile, led to the determination that he was "disabled." [Tr., p. 30]

## II. Standard of Review

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.    Analysis**

Rosenstiel raises several arguments in support of his contention that the ALJ's decision is not supported by substantial evidence. However, the Court limits its analysis to Rosenstiel's first argument, as resolution of that issue is necessary before undertaking a more exhaustive review. He argues that the medical evidence did not change on January 4, 2005 and, therefore, the ALJ's use of that date as the date of disability is arbitrary.

Indeed, the ALJ appears to pull the January 2005 date out of thin air, providing no explanation or introduction for the date within his decision. [Tr., pp. 21-30] This omission is problematic. An ALJ is required to "follow the mandates of Social Security Ruling 83-20" when determining the date of an established disability. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997). S.S.R. 83-20 addresses the "policy and relevant evidence to be considered when establishing the onset date of disability."[1]  An ALJ need not explicitly mention S.S.R. 83-20, but he must engage in the relevant inquiry, based on the following three factors: the individual's

---

[1]     S.S.R. 83-20, available at http://www.socialsecurity.gov/OP_Home/rulings/di/01/SSR83-20-di-01.html (last visited June 18, 2009).

allegation, the work history, and the medical evidence. An individual's allegation and the work history are only significant in the ALJ's determination if they are "consistent with the severity of the condition(s) shown by the medical evidence." *McClanahan,* 474 F.3d at 834 (citing *Key*, 109 F.3d at 274).

In *McClanahan*, the plaintiff made the same argument as the one advanced here: that the ALJ failed to offer any rationale for the disability onset date. The Sixth Circuit rejected his challenge and found that the ALJ had satisfied the requirements of S.S.R. 83-20 where the ALJ explained that no medical documentation of organic brain dysfunction was made prior to the ALJ's assessed disability onset date. He also "engaged in a careful review to ascertain whether [the plaintiff's] medical record supported a finding of disability onset" prior to that date. *Id.* at 836. No such review occurred here. Instead, the ALJ designated January 4, 2005, as the disability onset date with no analysis and indeed, no introduction. Instead, the ALJ's decision was a decision aimed wholly at justifying his determination that Rosenstiel was not disabled prior to January 4, 2005. None of the arguments are devoted to explaining the other side of his decision. Namely, the designation of disability after January 4, 2005.

If medical evidence in the record is inconclusive as to the disability onset date, the ALJ is still under an obligation to base his designation on some sort of medical evidence. S.S.R. 83-20 (directing that, even if "precise evidence" is unavailable to the ALJ, the disability onset date must have a "legitimate medical basis"). "At the hearing, the ALJ should call on the services of a medical advisor when onset must be inferred." S.S.R. 83-20. In other words, if the ALJ

here was unable to ascertain from the record the disability onset date, he should have taken measures to obtain the relevant information.

The Court's determination is in no way a ruling on the merits of the case. Instead, the Court withholds such judgment until the ALJ has properly provided medical evidence for his designated disability onset date. In fact, there may be substantial evidence to support the ALJ's decision. However, the absence of any explanation or evidence at all is not acceptable under either S.S.R. 83-20 or Sixth Circuit precedent.

### IV.     Conclusion

Because the ALJ apparently failed to consider or follow any of the dictates of S.S.R. 83-20, and because there is no rationale in his decision for the designated disability onset date, the Court is unable to affirm his decision. *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) ("We must affirm the ALJ's conclusions unless he failed to apply the correct legal standard or made factual findings that are unsupported by substantial evidence."). This issue is remanded to the ALJ for further consideration in accordance with the analysis set forth above. Accordingly, it hereby

**ORDERED** as follows:

(1)     Plaintiff Harold Rosentiel's motion for summary judgment [Record No. 6] is **GRANTED** to the extent he seeks remand. To the extent he seeks an order awarding benefits based on the current state of the record, his motion is **DENIED**.

(2)     Defendant Commissioner Michael Astrue's motion for summary judgment [Record No. 7] is **DENIED**.

(3)     The decision of Administrative Law Judge Roger Reynolds is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

This 19th day of June, 2009.

Signed By:
*Danny C. Reeves* DCR
United States District Judge