UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| HAROLD ROSENSTIEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 08-231-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Harold Rosenstiel's motion for attorney's fees and costs. [Record No. 10] Having reviewed the motion and supporting materials, together with the Defendant's response, the Court will grant the motion for an award of fees and expenses. However, for the reasons discussed below, the fees and expenses will be awarded to the Plaintiff, as opposed to his attorney.

**I.    Analysis**

Rosenstiel seeks payment of $2,553.50, which represents costs of $366.00 and attorney fees for 17.50 hours of work performed at a rate of $125 per hour. The Commissioner does not quarrel with the amount of time charged by Rosehstiel's attorney or the hourly rate. [Record No. 11] The EAJA requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). In particular, the EAJA provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> With respect to establishing reasonable attorney's fees, the EAJA provides that:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The EAJA establishes a ceiling for attorneys' fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor." *See e.g., Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545 (6th Cir. 1986) (noting that the statutory ceiling under the EAJA was $75 per hour).[1]

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the prevailing market rate is greater than the statutory ceiling ($125 per hour), then the court must determine whether it should adjust the hourly rate upward from the ceiling to take into account an increase the cost of living or a special factor. *See e.g., Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992).

---

[1] In 1996, Section 2412(d)(2)(A) was amended to provide that statutory cap on attorney's fees under the EAJA is $125 per hour. *See e.g., Caremore, Inc. v. N.L.R.B.*, 150 F.3d 628 (6th Cir. 1998).

The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). In determining the market rate, courts are required to examine standard fees in the relevant community. *Id.* at 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The fee applicant bears the burden of producing evidence that the requested rate is in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience and reputation. *See Blum*, 465 U.S. at 895-96.

Most, if not all, judges in the Eastern District of Kentucky now award fees in similar cases at a rate of $125 per hour. The undersigned has also conducted an independent review of the materials submitted by counsel, and the record in general. Based upon this review, the Court concludes that the number of hours sought for the tasks performed (17.50 hours) appears reasonable.

As noted previously, the Commissioner does not object to the award of costs of $366.00 or fees of $2,187.50 under the authority outlined above.[2] However, he does contest the *recipient* of the award. As the Commissioner points out, under the plain language of the statute, EAJA fees are awarded to the Plaintiff who is the "prevailing party," not his or her attorney. This position is also supported by recent case authority from the Sixth Circuit. *Bryant v. Commissioner of Social Security*, ___ F.3d ___, 2009 WL 2581293, at *3 (6th Cir. 2009) (the plain language of the EAJA mandates that attorney fees are awarded to the

---

[2] As noted by the Secretary, costs and expenses are treated differently under the statute and are paid out of different funds. 28 U.S.C. §§ 2412 (a)(1), (d). Therefore, to assure proper reimbursement, the Court's Order will separate these two items.

prevailing party, not the party's attorney). *See also Venegas v. Mitchell*, 495 U.S. 82, 87-89 (1990) (awarding fees to the plaintiff in an action under 42 U.S.C. § 1988 as the "prevailing party"); and *Drennan v. General Motors Corp.*, 977 F.2d 246, 254 (6th Cir. 1992), *cert. denied*, 508 U.S. 940 (1993) (the ERISA fee-shifting section, like 42 U.S.C. § 1988, provides that the party, not the attorney, is eligible for and receives the statutory fee award).

Cases from the Tenth and Eleventh Circuits also support the Commissioner's position. *Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007), *cert. denied*, 129 S.Ct. 486 (2008) (based on a plain reading of the statute, binding precedent and Congressional intent, EAJA fees are payable to the plaintiff as prevailing party, not his or her attorney); *Reeves v. Astrue*, 526 F.3d 732, 733 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.")

In a Notice filed September 21, 2009, Rosenstiel's attorney supplements the record by filing a copy of his fee contract which calls for an assignment of any EAJA award to him. This contract does not alter the above analysis with respect to what is required under the applicable statute and case law. Further, this Memorandum Opinion and Order does not prevent the Plaintiff from subsequently assigning the proceeds to his attorney in accordance with the fee contract.

**II.    Conclusion**

The Court will award the amount sought by Rosenstiel as the prevailing party under the Equal Access to Justice Act. However, to the extent the motion for fees and expenses

seeks payment directly to Rosenstiel's attorney, that request will be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Harold Rosenstiel's motion for fees and costs is **GRANTED**, to the extent that he requests payment of fees and costs be paid to him, as opposed to his attorney. Otherwise, the motion is **DENIED**.

2. The Plaintiff is awarded fees in the amount of $2,187.50, together with costs in the amount of $366.00, in accordance with the Equal Access to Justice Act, 28 U.S.C. §§ 2412 (a)(1), (d).

This 22nd day of September, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge